**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FREIMAN XAVIEL HAMUI MORALES,** | Civil Action No. 26-6414 (ZNQ) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| **LUIS SOTO,** *et al.,* | |
| Respondents. | |

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus (ECF No. 1) and motion seeking a temporary restraining order. (ECF No. 2.) In a separate Order issued today, the Court has instructed the Government show cause why Petitioner should not be released.

As a separate matter, Petitioner also asserts in his habeas petition that he has been subjected to unlawful conditions of confinement at Delaney Hall, including inadequate food, sanitation issues, overcrowding, limited medical care, restrictions on communications, unsafe living arrangements, and exposure to pepper spray. (*See* ECF No. 1 at 7, 11.) Petitioner contends that these conditions have negatively affected him and exacerbated the burdens of his unlawful detention. (*Id.*) Having reviewed these allegations, this Court interprets Petitioner to, at least in part, be arguing that his detention is arbitrary and capricious based on these conditions.

A claim based on conditions of confinement may only form a basis for relief in a habeas proceeding in an extreme case. *See Folk v. Warden Schuykill FCI*, Civ. No. 23-1935, 2023 WL 5426740, at *1–2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Here, Petitioner has alleged facts which this Court believes places this

matter in such a position.[1]  The Court finds that the issue cannot be resolved solely through certifications which do not permit credibility determinations.  The Court therefore finds that an evidentiary hearing is required to hear testimony under oath from Petitioner as well as one or more individuals with personal knowledge with respect to the conditions at Delaney Hall and the policies and practices that have led to those conditions.

**IT IS THEREFORE** on this 2nd day of June 2026,

**ORDERED** that the parties shall show cause in writing why an evidentiary hearing should not be conducted before the undersigned with respect to the conditions of confinement at Delaney Hall on **Monday June 8, 2026 at 2:00 p.m.** with Petitioner[2] and one or more officials with personal knowledge with respect to the alleged conditions at Delaney Hall and the policies and practices that have led to those alleged conditions; it is further

**ORDERED** that the parties shall file simultaneous briefs[3] by no later than **Thursday June 4, 2026 at noon**; and it is further

---

[1] The Court also takes judicial notice that the conditions of confinement at Delaney Hall have become a matter of national news coverage.  *See, e.g.,* https://www.foxnews.com/politics/newark-mayor-questions-state-police-tactics-delaney-hall-sherrills-order-calls-agency-sword (last visited June 2, 2026) and https://www.cnn.com/2026/06/02/us/delaney-hall-new-jersey-ice-protests-tuesday (last visited June 2, 2026).  U.S. Immigration and Customs Enforcement's own reporting discloses the deaths of 30 detainees while in custody since October 2025, *see* https://www.ice.gov/detain/detainee-death-reporting (last visited June 2, 2026), one of whom was housed at Delaney Hall, *see* https://www.ice.gov/news/releases/criminal-illegal-alien-passes-away-university-hospital-following-medical-emergency.  The Court also takes judicial notice that the Commissioner of the New Jersey Department of Health has filed suit in New Jersey state court against The GEO Group, the private entity operating Delaney Hall, seeking an order requiring The GEO Group to permit the New Jersey Department of Health to conduct an inspection.  *See Washington v. The GEO Group, Inc.,* Docket No. ESX-C-131-26 (N.J. Super. Ct., Ch. Div. June 2, 2026).

[2] The Government is reminded that a writ may be required to produce Petitioner for the purposes of the hearing.  The parties will also need to advise the Court whether an interpreter may be needed for the hearing.

[3] Respondents' brief shall disclose the name(s) and title(s) of the witness(es) that will testifying on their behalf at the hearing.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner and the Government electronically.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE